UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS GARCIA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHAD BIANCO, RIVERSIDE COUNTY SHERIFF,<br><br>　　　　　Respondent. | Case No. 5:23-cv-01950-SVW-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner Daniel Carlos Garcia's operative First Amended Petition for Writ of Habeas Corpus ("Petition"), the requests therein for the appointment of counsel and release on bail pending final judgment ("Petitioner's Requests"), the parties' submissions in connection with the Petition and Respondent's Motion to Dismiss, Miguel Adolfo Bustamante's Request for Joinder ("Joinder Request"), Petitioner's Request for Expansion of the Record ("Expansion Request"), Petitioner's Motion for Entry of Default ("Default Request"), and all of the records herein, including the September 12, 2024 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R") and Petitioner's Objections to

the Report and Recommendation. The Court approves and accepts the Report and Recommendation, overrules the Objections in their entirety, and specifically addresses below certain of the arguments raised in Petitioner's Objections.

The Report and Recommendation recommends that this Court abstain under Younger v. Harris, 401 U.S. 37 (1971), from considering Petitioner's challenges to criminal proceedings now pending in the Los Angeles County Superior Court. Younger abstention only applies if "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted); Betschart v. State of Or., 103 F.4th 607, 617 (9th Cir. 2024).

In his Objections, Petitioner contends the Report and Recommendation fundamentally misunderstands the nature of the Petition. In particular, Petitioner argues he did not receive all the relief he wanted when the Superior Court granted habeas relief on his judicial bias claim, reversed his convictions, and transferred the matter for retrial,[1] and the Court should review the Superior Court's decision and order the Superior Court to dismiss the charges against Petitioner and immediately release him from custody. (Objections at 4, 11-12, 16-19, 48-55).

---

[1] As the Report and Recommendation explains: Petitioner was convicted of murder, conspiracy to commit murder, and various financial crimes and sentenced to life in prison without the possibility of parole in 2012. On June 8, 2020, the Superior Court granted Petitioner habeas corpus relief on a judicial bias claim, reversed Petitioner's foregoing convictions and transferred the matter for retrial. On October 31, 2023, following retrial, Petitioner was again convicted of first degree murder, conspiracy to commit first degree murder, and various other crimes. (R&R at 3-6). Petitioner has not yet been resentenced following the retrial. (See https://public-access.riverside.courts.ca.gov/OpenAccess/Criminal/CriminalCaseReport.asp?CourtCode=C&CaseNumber=INF064492&DefNbr=3613404&DefSeq=4&otnmseq=0&RivInd=IND (last visited December 9, 2024)).

But "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3); emphasis in original). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91; Wright v. State, 47 F.4th 954, 958 (9th Cir. 2022). Here, as the Report and Recommendation explains, Petitioner is not and was not in custody pursuant to the initial, vacated judgment when he filed this action. (See R&R at 12-13 n.7) ("[S]ince the judgment in Petitioner's first trial was vacated several years before he filed the pending action in this Court, he is not 'in custody' pursuant to that judgment and cannot directly attack it here either (though, of course, events related to Petitioner's first trial might be relevant to claims challenging his current custody, such as, for instance, in the double jeopardy claim he raises)."); see also Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) (After the Hawaii Supreme Court reversed Stow's conviction, "Stow's judgment of conviction was vacated and Stow was no longer in custody pursuant to a state court judgment. Although Stow remained in custody after the court reversed his conviction, his status was that of a pretrial detainee – he was in custody pending his retrial on the counts of attempted second degree murder.").

  As to his current custody, Petitioner asserts there is no adequate forum to raise his constitutional claims because he has filed multiple state court petitions challenging aspects of his retrial that have been denied. (Objections at 35-37). But Petitioner's "lack of success does not render the forum inadequate." Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir.), cert. denied, 540 U.S. 1075 (2003). Rather, as the Report and Recommendation reflects, California state courts provide "an adequate state forum in which to pursue . . . federal claims." H.C. ex

rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000); (see also R&R at 12); Juidice v. Vail, 430 U.S. 327, 337 (1977) ("Here it is abundantly clear that appellees had an opportunity to present their federal claims in the state proceedings.  No more is required to invoke Younger abstention." (footnote omitted)).

      Petitioner also objects to the Report and Recommendation's conclusion that he has not shown he is entitled to proceed under the bad faith exception to Younger abstention.  (Objections at 26-34).  First, he complains the Report and Recommendation applied the incorrect standard by requiring him to show bad faith.  (Objections at 26-29).  But "a [party] who seeks to head off Younger abstention bears the burden of establishing that one of the exceptions applies." Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002); Baffert, 332 F.3d at 621; see also Juidice, 430 U.S. at 338 (the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass."); Cornell v. Off. of Dist. Att'y, Cnty. of Riverside, 616 F. Supp. 3d 1026, 1038 (C.D. Cal. 2022) (Plaintiffs "have failed to satisfy their burden, and the Court cannot conclude that the bad faith exception applies.").

      Second, Petitioner asserts he has shown bad faith for multiple reasons, including that his initial conviction was reversed for judicial bias, he was retried before a biased judge who "was close friends and colleagues with the original judge," and the retrial reused fabricated evidence and perjured testimony from the first trial.  (Objections at 30-34).  But that Petitioner's prior judgment was reversed for judicial bias does not mean the new trial was prosecuted in bad faith.

      Moreover, while "abstention is inappropriate in the 'extraordinary circumstance' that the state tribunal is incompetent by reason of bias[,]" Hirsh v. Justices of Supreme Court of State of Cal., 67 F.3d 708, 713 (9th Cir. 1995) (per curiam) (citing Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973)), a party alleging

bias "must overcome a presumption of honesty and integrity in those serving as adjudicators[.]" Withrow v. Larkin, 421 U.S. 35, 47 (1975); Hirsh, 67 F.3d at 713; Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir. 1992), cert. denied, 506 U.S. 1054 (1993). Petitioner has not done so. His argument that the judge who presided over his retrial was biased is conclusory and entirely unsupported. See Canatella v. Cal., 404 F.3d 1106, 1112 (9th Cir. 2005) ("With respect to bias, Bendel fails to offer any 'actual evidence' to overcome the 'presumption of honesty and integrity in those serving as adjudicators.'" (citations omitted); Collins v. Kendall Cnty., Ill., 807 F.2d 95, 98 (7th Cir. 1986) ("A plaintiff asserting bad faith prosecution as an exception to Younger abstention must allege specific facts to support an inference of bad faith. The Younger rule . . . requires more than a mere allegation and more than a conclusory finding to bring a case within the harassment exception." (citations and internal quotation marks omitted)), cert. denied, 483 U.S. 1005 (1987); Vargas v. Luna, 2023 WL 349937, *4 (C.D. Cal. 2023) (conclusory allegation of judicial bias does not establish bad faith).

Additionally, Petitioner's fabricated evidence claim – and any similar challenge to retrial proceedings – can and should be exhausted in state court before being raised on federal habeas review. See, e.g., Serrato v. Baca, 2009 WL 1272093, *1-2 (C.D. Cal. 2009) (abstention appropriate where petitioner claimed he faced a prosecution based on false evidence); Honeycutt v. Lowery, 2014 WL 3784100, *1 (D. Nev. 2014) ("Plaintiff contends that abstention is not required because the State allegedly is prosecuting him in bad faith by using manufactured evidence to obtain an invalid conviction. This sort of in actuality garden variety allegation – a state criminal defendant alleging that he is being prosecuted on falsified evidence – does not present extraordinary circumstances in the sense contemplated by the Younger abstention doctrine. The place for a state criminal defendant to challenge the evidence brought against him in an ongoing prosecution is in the prosecution itself and in any following direct and collateral

review" before proceeding to federal court).

Petitioner further objects that the deprivation of his constitutional rights constitutes irreparable harm. (Objections at 34-35). However, as the Report and Recommendation points out, "merely alleging a constitutional violation is insufficient to demonstrate extraordinary circumstances." (R&R at 14 n.9); see also New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 365 (1989) ("[T]he mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction."); Baffert, 332 F.3d at 621 ("[T]he constitutional dimension of the error claimed does not, by itself, constitute an exception to the application of Younger abstention.").

Petitioner's remaining objections are without merit and do not warrant further discussion.

IT IS HEREBY ORDERED: (1) Petitioner's Requests, the Joinder Request, the Expansion Request, and the Default Request are denied; (2) Respondent's Motion to Dismiss is granted; (3) the Petition and this action are dismissed without prejudice; and (4) Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

IT IS SO ORDERED.

DATED: December 19, 2024

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE